UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KAREN K. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1 |
| | ) | (JARVIS/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of plaintiff's motion for summary judgment [Doc. 10] and the defendant's motion for summary judgment. [Doc. 12]. Plaintiff Karen K. Watson seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through June 30, 2003, but not thereafter.
>
> 2. The claimant has not engaged in substantial gainful activity since the currently alleged onset of disability.

3. The claimant's severe to profound hearing loss; significant expressive language deficits; cognitive function in the borderline range; inability to read or perform arithmetic calculation beyond the second-grade level are considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity to perform any exertional level. Due to her hearing loss and expressive language deficits she would have significant limitation of the ability to interact with the general public or with co-workers. She should be restricted from exposure to noise. Due to her marginal reading ability she is restricted from tasks requiring literacy or carrying out written instructions.

7. The claimant's past relevant work as security checker, retail stock clerk, and commercial cleaner did not require the performance of work-related activities precluded by her residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).

8. The claimant's medically determinable severe to profound hearing loss; significant expressive language deficits; cognitive function in the borderline range; inability to read or perform arithmetic calculation beyond the second-grade level do not prevent the claimant from performing her past relevant work.

9. The claimant was not under a "disability" as defined in the Social Security Act, at any time through June 30, 2003 or through the date of the decision (20 C.F.R.

2

§§ 404.1520(f) and 416.920(f)).

(Tr. 19-20).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

First, plaintiff argues that her condition satisfies the requirements of Listing 12.05C, Mental retardation, citing as support her verbal IQ score of 60 and her severe hearing loss. However, the Commissioner insists that plaintiff has not shown that she is mentally retarded, citing her identification of a learning disability, not mental retardation, as one of her problems when she requested a hearing before an ALJ. (Tr. 36). The Commissioner insists that plaintiff bases her argument that her condition meets the requirements of Listing 12.05C almost exclusively on the verbal IQ score of 60 that she attained in testing with consultative psychological examiner Ms. Garland on October 17, 2002, although she also attained a

3

performance IQ of 104 and a full scale IQ of 76. (Tr. 197-202). The Commissioner points out that Ms. Garland attributed the wide discrepancy between plaintiff's verbal and performance scores to her severe bilateral hearing loss, not mental retardation. (Tr. 200). Also, the Commissioner notes that Ms. Garland reported that plaintiff was fully oriented, her speech was spontaneous, and her thought processes were organized; her insight and judgment were "fair," her concentration was adequate; she did all the household cooking, cleaning, and laundry, took care of her infant son; and was capable of managing her money. (Tr. 198-99). Lastly, the Commissioner notes that Ms. Garland did not find plaintiff to be mentally retarded, but rather, that she performed in the borderline range of intellectual functioning. (Tr. 200).

Additionally, the Commissioner notes that on June 4, 2002, Dr. Kenney performed a consultative psychological examination and determined that plaintiff maintained a basic level of independence, sustainability, and effectiveness, noting that she had a driver's license and drove herself to the grocery store weekly and to a department store less frequently (Tr. 153) and that her ability to understand and remember, as well as her ability to adapt, were moderately limited, that her ability to concentrate was limited, and that her ability to interact socially was not significantly limited. Dr. Kenney noted "borderline intellectual functioning, rule out MR." (Tr. 156).

Therefore, the Commissioner insists that plaintiff was not mentally retarded because none of the mental health professionals in the record diagnosed mental retardation (Tr. 18, 211-12) and because she had performed semi-skilled work as a nurse's assistant.

The plaintiff has the burden to show that she meets or equals an impairment listed in Appendix 1 to the Regulations. See Lashley v. Secretary of Health and Human Services, 708

4

F.2d 1048, 1053 (6th Cir. 1983). To meet the requirements of a listed impairment, plaintiff must meet all of the elements of the listed impairment. See <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1083 (6th Cir. 1987).

Listing 12.05, mental retardation, is defined as follows:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> . . . .
>
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. § 404, Subpt. P, App. 1.

The Regulations require that, to satisfy the requirements of a listing, a claimant must satisfy all of the listing's criteria, including the diagnosis or underlying impairment. 20 C.F.R. §§ 404.1525(c), 416.925(c). As the Commissioner points out, no psychologist diagnosed mental retardation. The state agency, reviewing psychologist and consultative psychological examiners Ms. Garland and Dr. Kenney diagnosed borderline intellectual functioning, not mental retardation. (Tr. 156, 161, 200) <u>Richardson v. Perales</u>, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (a written report of a consultant physician who has examined the claimant can constitute substantial evidence); 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly

5

qualified physicians and psychologists who are also experts in Social Security disability evaluation."). In light of the foregoing, this issue is without merit.

Second, plaintiff contends that the ALJ failed to consider the record as a whole, arguing "that portions of the record were not sufficiently and/or accurately considered by the ALJ." The plaintiff mentions such issues as her job placement and work record, whether accommodations were made for her in the workplace, the ALJ's reliance on a nonexamining psychologist's opinion instead of plaintiff's husband's testimony, and plaintiff's ability to care for her infant child.

However, the Commissioner insists that none of these issues have merit. She points out that the ALJ was aware that many of plaintiff's past jobs were of short duration as evidenced by his questions to the vocational expert regarding plaintiff's past work history and notes that although plaintiff suggests that she obtained at least one of her jobs through vocational rehabilitation, she has not explained why this is significant. Moreover, the Commissioner contends that plaintiff appears to argue that being deaf should be automatic grounds for a finding of disability in light of her comment regarding whether accommodations were made for her in the workplace and insists that the testimony of plaintiff's husband's is just one factor in a record that contains reports from three mental health professionals who did not find plaintiff to be mentally retarded. Next, the Commissioner maintains that the nonexamining psychologist, Dr. Kenney, and Ms. Garland were all in agreement that plaintiff was not mentally retarded and that the ALJ accurately stated that the plaintiff cared for her child. (Tr. 199, 252).

Although plaintiff makes several conclusory statements on a range of issues regarding the ALJ's consideration of the record, she fails to put forth any developed

6

argumentation. McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court . . . to put flesh on its bones.") (citations omitted). Therefore, this issue is without merit.

Based on the foregoing, it is hereby **RECOMMENDED**[1] that the plaintiff's motion for summary judgment [Doc. 10] be **DENIED** and that the defendant's motion for summary judgment [Doc. 12] be **GRANTED**.

Respectfully submitted,

   s/C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).